Judge Owsley
delivered the opinion of the court.*
This is a caveat brought in the court below by the appellee, to prevent the emanation of a patent to the appel *31 lants for 400 acres of land, entered and surveyed in their names the 13th July, 1815, in virtue of seminary warrants, and to which the appellee asserts, in the caveat, the superior right, as well on account of his actual residence upon the land, as in virtue of a certificate alledged to have been granted him in June, 1815, by the county court, in consequence of his living upon the land on the 6th of February, 1815.
In a caveat the pltf. must make out a good right in himself—he must recover on the strength of his own title not on the weakness of his adversary
Upon the appellants appearing in the circuit court, the appellee, in a statement of facts made by him, again insists upon his actual settlement and certificate, mentioned in the caveat, and a survey made in conformity therewith, conferring upon him the better right; and moreover, as an additional cause why the patent should not issue to the appellants, asserts an appropriation of the land by an entry and survey made in his name in 1811, under a removed certificate granted by the county court of Adair.
The facts thus contained in the appellee’s statement, were denied by the appellants, and the cause having come on to trial, judgment was entered in favor of the appellee.
From that judgment the appellants have appealed to this court.
Before Judgment could be regularly rendered in favor of the appellee, as he was plaintiff in the caveat, it no doubt devolved upon him to shew a paramount right to the land in contest. The weakness of his adversary’s claim furnishes no ground for relief, but his right to recover must depend upon the relative superiority of his own.
The statement of facts may, with propriety, be considered as assuming three grounds, upon which reliance is placed by the appellee.
1. His appropriation of the land under the entry and survey alledged to have been made in virtue of the removed certificate.
2. His actual settlement and residence upon the land prior to, and at the date of, the entry and survey claimed by the appellants.
3. His having obtained a certificate from the county court, in virtue of his actual residence on the 6th February, 1815.
The judgment in favor of the appellee, we are, however, of opinion, cannot, for any thing contained in the first ground assumed, be sustained.
Not because we suppose the survey made in virtue of the *32 entry under the removed certificate, confers no right upon the appellee, but because no claim is asserted under the removed certificate in the causes expressed in the caveat against the emanation of a patent to the appellants.
A pl’tf. in caveatcan only rely on the points set forth in the caveat as to cause thereof—the facts directed by the law to be set forth at the trial, are only exemplifications of these causes.
An actual settler is entitled, under the act of 1813, to the pre-emption of 200 acres, including the place of settlement in the centre of a square with lines to the cardinal points, and to that extent seminary claims cannot intrude.
The act of 1796, regulating proceedings in caviats, imperatively enjoins upon those entering caveats to express therein the cause why a grant should not issue; and although by a subsequent act of the session 1810, the plaintiff is required to make a statement of facts upon which he intends to rely, we apprehend nothing more was designed by the makers of the act, than to require a specification of the facts in relation to the claim which might, according to the requisitions of the act of 1796, be expressed in the caveat as a cause against the emanation of the grant, and that the act should not be construed to authorise the plaintiff to rely, in his statement of facts, upon any other claim not so expressed in the caviat.
But with respect to the second ground assumed, we think the appellee has, for part of the land in contest, sufficiently manifested the superior claim.
He has proven, beyond controversy, that he settled upon the land with a design of appropriating it under the laws of this commonwealth, and having continued to reside thereon until the date of the entry and survey under which the appellants claim and ever since, it is perfectly clear, according to the provisions of the act of February, 1814, (session acts 1813, Page 207,) that for 200 acres, running to the cardinal points, and including the place of actual settlement in the centre, no appropriation could be made in virtue of a seminary claim, and as the appellants’ claim is of that character, it follows, that for the 200 acres so described, the appellee has shewn the superior right.
But, as there are 400 acres in contest, judgment should not have been rendered in favor of the appellee for the residue, unless in consequence of something contained in the third ground assumed, his right can be sustained.
The principle, however, is not perceived upon which the appellee’s claim, asserted under the certificate of actual settlement, can be maintained.
For, neither the certificate nor survey alledged to have been made in virtue thereof, is exhibited in the record, and if their absence could be supplied by other proof, there is not in the present case the slightest evidence conducing to *33 shew that either such a certificate had been granted, or a survey in virtue thereof made.
If, as the appellee is proven to have resided on the land on the 6th of February 1815, his right to the whole 400 acres should be attempted to be maintained under the preemptive privileges preserved to actual settlers by the provisions of the act of that date; it is answered, that, according to a just construction of that act, no preference is given or privilege preserved to the settler, except in relation to appropriations attempted to be made under it, and as seminary claims is not of that description, the appellants’ fight is not to be effected by it.
The judgment of the court below must, however, be reversed with cost, the cause remanded, and judgment entered according to the principles of this opinion.

Absent, Judge Rowan.