## HEININGER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8130.

Circuit Court of Appeals, Seventh Circuit.

Feb. 15, 1943.

Samuel W. Witwer, Jr., and Floyd L. Lanham, both of Chicago, Ill., for petitioner.

Sewall Key, Helen R. Carloss, Earl C. Crouter, and Carlton Fox, all of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. ·P. Wenchel and Chas. E. Lowery, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The petitioner, S. B. Heininger, seeks to review a judgment of the United States Board of Tax Appeals which found the petitioner liable for deficiencies in income taxes for the years 1937 and 1938.

The petitioner, a dentist, conducted a mail order business in which he undertook to make false teeth and supply them by mail. The Post Office Department instituted a fraud order proceeding against the petitioner, which resulted in a finding that his methods were fraudulent, and an order against him denying to him the use of the mails. If he could not use the mails, he was out of business. Consequently, he filed suit in the District Court for the District of Columbia against the Postmaster General, and obtained a permanent injunction against him from enforcing the fraud order. On appeal to the Circuit Court of Appeals for the District of Columbia, the judgment of the District Court was reversed, and the fraud order of the Post Office Department was sustained.

In the defense of his business in the proceedings in the Post Office Department and the District Court and the Circuit Court of Appeals, the petitioner incurred and paid several thousand dollars for attorneys' fees and expenses. It is admitted that the expenses were reasonable. By these legal proceedings, the enforcement of the fraud order was enjoined and remained enjoined until the reversal by the Circuit Court of Appeals.

During this time, in the years 1937 and 1938, the petitioner continued in business and returned a gross income for 1937 of $287,582.82, and for 1938 of $150,168.27. While his litigation was ultimately unsuccessful, it did allow him to keep his business going in 1937 and 1938, and enabled him to earn the large income indicated above.

The petitioner sought to deduct from his gross income for 1937 and that for 1938, as an ordinary and necessary expense of carrying on that business, the attorneys' fees and expenses of the litigation. The Commissioner disallowed the deduction, and the Board of Tax Appeals affirmed. The question is: Are such expenses deductible as ordinary and necessary expenses in carrying on that business, within the meaning of Section 23(a) (1), 26 U.S. C.A., Int.Rev.Code, 49 Stat. 1648?[1]

---

[1] "§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:
"(a) Expenses.

"(1) In general.
"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business
* * *."

What is an ordinary expense is discussed by Mr. Justice Cardozo in Welch v. Helvering, 290 U.S. 111, 114, 54 S.Ct. 8, 9, 78 L.Ed. 212: "Ordinary in this context does not mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often. A lawsuit affecting the safety of a business may happen once in a lifetime. The counsel fees may be so heavy that repetition is unlikely. None the less, the expense is an ordinary one because we know from experience that payments for such a purpose, whether the amount is large or small, are the common and accepted means of defense against attack."

By this standard, we think it plain that the expense in the instant case was ordinary. It was such an expense as related strictly to the life of the business.

Not only must the expense be ordinary; it must also be necessary. In Kornhauser v. United States, 276 U.S. 145, 153, 48 S.Ct. 219, 220, 72 L.Ed. 505, Mr. Justice Sutherland, in discussing the allowance, as a deduction, of attorneys' fees as a business expense, said: " * * * where a suit or action against a taxpayer is directly connected with, or, as otherwise stated, * * * proximately resulted from, his business, the expense incurred is a business expense within the meaning * * * of the act." [2]

We think that where an expense is incurred which saves the life of a business, even for a time, it is, in the light of the above interpretation, not only a business expense, but a necessary business expense. Without the expenditure, there would have been no income in this case because there would have been no business. The business depended directly upon the expense incurred in the litigation. We therefore hold that the expense was both ordinary and necessary.

Our conclusion is supported by the case of Foss v. Commissioner, 75 F.2d 326, 1st Circuit, and Alexandria Gravel Co. v. Commissioner, 95 F.2d 615, 616, 5th Circuit. In the Foss case, Foss was the owner of stock in the American Blower Company and the B. F. Sturtevant Company. He was sued by the minority stockholders of the American Blower Company, and charged with entering a combination to divert the business of that company to the B. F. Sturtevant Company, and to violate the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. The District Court sustained the charges, and granted relief. The Circuit Court of Appeals modified the relief granted, but otherwise sustained the District Court. Foss incurred large attorneys' fees, which he sought to deduct from his income as ordinary and necessary expenses of his business. This deduction was disallowed by the Board of Tax Appeals, but on appeal to the Circuit Court of Appeals, the deduction was allowed, the court relying upon Kornhauser v. United States, supra.

In the Gravel Company case, the Board of Tax Appeals had refused to allow the company to deduct, as an ordinary and necessary expense of its business of selling gravel, commissions paid to one Dore on sales to the State Highway Commission. The disallowance was because of the fact that Dore was a State Senator. There was no evidence that he was to use or did use his political influence to obtain contracts with the Highway Commission, as all of the contracts were let by competitive bidding. The Circuit Court of Appeals reversed the Board of Tax Appeals, and said: "The revenue laws of the United States are not over-squeamish. By the broad definition of gross income, income arising from an illegal business is taxed even though the illegality be one declared by the Constitution itself. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, 51 A.L.R. 1020. The provisions of the statute fixing the deductions to be regarded in arriving at the net income which alone is taxed, 26 U.S.C.A. § 23 [26 U.S.C.A. Int.Rev. Code, § 23], are as broad and unqualified as those defining the taxable gross income. Ordinary and necessary expenses of an illegal business would therefore seem to be deductible if they would have been had the business not been prohibited."

The Board of Tax Appeals based its decision in the instant case upon National Outdoor Advertising Bureau v. Helvering, 2 Cir., 89 F.2d 878. In that case, the taxpayer was charged with a violation of the Sherman Act. As to part of the charges, the taxpayer defended successfully. As to the balance, it agreed to a consent decree. The taxpayer sought to deduct attorneys' fees incurred and paid in this litigation. The Circuit Court of Appeals

---

[2] The provisions of the Act referred to are identical with those of Sec. 23(a) (1) under consideration.

approved a deduction as to the attorneys' fees and expenses incurred and paid in successfully defending certain of the charges, but denied the right to deduct for legal expenses incurred and paid in negotiating the settlement and drafting the consent decree. The court held in effect that an expense cannot be necessary if incurred in the defense of an unlawful business. We are not inclined to follow this case.

The Government also relies strongly upon Textile Mills Securities Corp. v. Commissioner, 314 U.S. 326, 62 S.Ct. 272, 279, 86 L.Ed. 249, where a corporation sought to deduct certain lobbying expenses. Such expenses were clearly prohibited as a deduction by the Treasury Regulations which provided, "Sums of money expended for lobbying purposes * * * are * * * not deductible from gross income." The Supreme Court held that this was a proper regulation for the purpose of carrying out the provisions of the statute.

■ For many years, the Bureau of Internal Revenue has taxed the income of illegal business in the same manner as the income of legal business. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037. Although this provision was known to Congress, it still made no change in the law so as to subject the income of illegal business to a treatment different from that of legal business. Both, so far as the statutes and the regulations of the Department went, were to be taxed on their net income. If the position of the respondent is sustained, and the attorneys' fees and expenses disallowed as a deduction in the instant case, then no business expense of an illegal business is deductible, and such business would be taxable on its gross income. Congress has not said that that discrimination shall be made. Neither has the Department had the hardihood to make such a material change by way of its regulations. If this change is to be made and the policy altered, let Congress do it. Congress would need only to add the word "legal" before the word "trade" in the third line of Section 23(a) (1).

We are asked, in the guise of construing the words "ordinary and necessary," to amend the statute. In other words, to engage in a little judicial legislation. We decline the invitation.

If the deduction in the case at bar was not an ordinary and necessary expense to the "carrying on" of the business, we are unable to understand the English language. Without this expense, there would have been no business. Without the business, there would have been no income. Without the income, there would have been no tax. To say that this expense is not ordinary and necessary is to say that that which gives life is not ordinary and necessary.

The judgment of the Board of Tax Appeals is reversed.