COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Charles V. DOYLE and Clara Doyle, Respondents.

No. 11572.

United States Court of Appeals Seventh Circuit.

April 11, 1956.

Finnegan, Circuit Judge, dissented.

H. Brian Holland, Asst. Atty. Gen., Elmer J. Kelsey, Tax Division, U. S. Dept. of Justice, Lee A. Jackson, Dept. of Justice, for petitioner.

Eugene Bernstein, Chicago, Ill., E. J. Blair, Chicago, Ill., for respondents-appellees.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This petition for review involves income taxes and penalties of $7,223.75 for 1948, 1949 and 1950, and questions the correctness of a decision of the Tax Court entered on January 26, 1955. The petition was filed by the Commissioner on April 25, 1955, pursuant to sec. 7482 of the Internal Revenue act of 1954.[1]

As expressed in the words of the Commissioner, the question presented is whether expenses for rent and wages incurred in the operation of an illegal gambling business are themselves contrary to a sharply defined and declared public policy of the state of Illinois and hence are not deductible for income tax purposes, within the meaning of sec. 23(a), Internal Revenue Code of 1939.[2]

During the taxable years, the taxpayer, Charles V. Doyle, hereinafter refer-

1. 26 U.S.C.A. § 7482.

2. 26 U.S.C.A. § 23(a).

red to as respondent,[3] was engaged in accepting wagers on horse races, herein referred to as bookmaking or operating a handbook, in the state of Illinois. Respondent paid rent for a room in Chicago where he accepted, recorded and paid the wagers. In the conduct of this business respondent paid wages to several employees.

The Commissioner contends that the Tax Court erred in allowing these amounts to be deducted from the gross income of the respondent.

The blueprint for this decision is to be found in sec. 23 of the Internal Revenue Code of 1939.[4] Relevant provisions thereof read as follows:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) [as amended by Sec. 121(a), Revenue Act of 1942, c. 619, 56 Stat. 798] *Expenses.*

"(1) *Trade or business expenses.*

"(A) *In general.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity."

Sec. 23(a), in setting forth what trade or business expenses are to be deducted from gross income in computing net income, makes no distinction between lawful and unlawful disbursements. The act says that there shall be allowed as deductions all ordinary and necessary expenses paid or incurred

in carrying on any trade or business, including a reasonable allowance for salaries and rentals for use of property for purposes of the trade or business.

■ Both parties agree that gross income includes income from a trade or business regardless of its lawfulness or unlawfulness. But the Commissioner would include the element of lawfulness of expenses of rent and salaries of a trade or business as a requirement or their deductibility, in addition to the act's requirement that said expenses be "ordinary and necessary". Here is "clear Congressional action" contrary to the Commissioner's position. Textile Mills Securities Corp. v. Commissioner, 314 U.S. 326, at page 328, 62 S.Ct. 272, 86 L.Ed. 249. The Commissioner would have us add the word "lawful" in the guise of judicial construction. This is a taxing statute. The congress by this act purposed the raising of revenue rather than the furnishing of aid to the enforcement of the state's criminal laws. In imposing an income tax, the congress draws no distinction between income from a lawful business and income from an unlawful business. It is not concerned with the source.

The language of sec. 23 is clear and unambiguous. Its application to this case requires an affirmance of the Tax Court's decision. However, because of the exhaustive brief filed by the Commissioner, in which he attempts to justify his contention that the Tax Court erred, we shall not end this opinion at this point, but shall discuss the Commissioner's arguments and the principal cases upon which he relies.

In the situation in which we find ourselves, we have no right to let our natural antipathy to respondent, because of the unlawfulness of his business, deter us from objectively applying the law as it is written. Lawful or unlawful, the government has seen fit to impose a tax upon respondent's business. That

---

3. Clara Doyle is a party by reason of filing joint returns with her husband, the respondent. She will not be further referred to in this opinion.

4. 26 U.S.C.A. § 23.

business, like most businesses, has intake and out-go. The Commissioner would have us consider that business as divided into three parts: (1) the gross income, (2) the amounts paid for salaries and rent, and (3) other expenses of the business. As we shall see, the Commissioner, in computing respondent's income tax, takes into account (1) and (3) and discards (2). This is confusing because (2) is expressly recognized as a proper deduction by sec. 23 (a), and (3) is also recognized, but not specifically. However the business is not susceptible to the assumed division. The business, whose income the government seeks to tax, is a unit. Its income is as unlawful as any of its ordinary and necessary expenses. They are all integral parts of a whole tree whose fruit the Commissioner would tax. He is inconsistent when he concedes that the following expenses in part (3) are deductible: lights, forms and scratch sheets, repairs, supplies, telephone, wall sheets, armored express, wire service, safety tickets, depreciation, auditing, currency exchange, stationery and printing, laundry, etc., totalling for 1948, $6,909.53, for 1949, $6,615.59, and for 1950, $6,357.43.

From sec. 23(a) we find that an allowable deduction claimed for an expense in carrying on a business must be ordinary and necessary, nothing more or less. In what amounts to a partial recognition that this is true, the Commissioner admits as proper deductions respondent's expenses for telephone, printing and other items, none of them specifically mentioned in the act. It is clear that salaries and rent are ordinary and necessary to the carrying on of the business of a handbook just as the admitted expenses are. Moreover, the act specifically mentions salaries and rent. Economically they are as much an integral part of the business as is the receipt by the handbook operator of moneys paid on bets.

We construe the statutory words "ordinary and necessary expenses" to mean those expenses which economically are an integral part of a business, whether it be lawful or unlawful. Integrality is the test. Disbursements which fail to meet this test, although they may be concomitants to the business as operated by some persons, are not ordinary and necessary expenses thereof within the meaning of sec. 23 (a). We exclude and, therefore, hold as nondeductible, expenses which are not an integral part of a business. In this class fall bribes paid to public officers,[5] fines and penalties imposed for violations of federal or state statute,[6] expenses for certain types of lobbying and political pressure activities,[7] payments to an influential party precinct captain, in order to obtain a state printing contract[8] and other similar disbursements.[9]

As illustrative, we find it helpful to apply the test to two simple situations. An ordinary grocer, who bribes a policeman to let him place his wares on a public sidewalk in front of his store in violation of a municipal ordinance, cannot deduct the amount of the bribe as an ordinary and necessary expense of his grocery business. The payment is a concomitant, but not an integral part, of the grocery business. If a handbook operator takes over the store used by the grocer and bribes the same policeman to permit the placing of chairs for the bettors on the same sidewalk in violation of the same ordinance, that

5. United States v. Sullivan, 274 U.S. 259, 264, 47 S.Ct. 607, 71 L.Ed. 1037.

6. Great Northern Ry. Co. v. Commissioner, 8 Cir., 40 F.2d 372 and Lentin v. Commissioner, 7 Cir., 226 F.2d 695.

7. Textile Mills Securities Corp. v. Commissioner, 314 U.S. 326, 62 S.Ct. 272, 86 L. Ed. 249.

8. Rugel v. Commissioner, 8 Cir., 127 F.2d 393.

9. See Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171, affirming this court, 133 F. 2d 567.

payment would for the same reason be nondeductible. The payment is a concomitant, but not an integral part, of the handbook business. Both the grocer and the handbook operator, during their respective occupancies of the store, would be entitled to deduct on their income tax returns expenditures for salaries of clerks, rent of the store and other ordinary and necessary expenses of their businesses, because such payments are an integral part of the business.

To the extent that such ordinary and necessary expenses exist, a holding that they are undeductible by a handbook operator in a state in which the business is unlawful, would mean that such a tax would be levied by the federal government on gross income, while a holding that they are deductible in a state in which the business is lawful, would mean that such a tax would be levied on only net income. We cannot believe that the congress intended this inequitable result. Certainly the clear language of the act does not suggest that such consequences were contemplated by the congress.

■ Other examples illustrate the fallacy of the Commissioner's contention. Thus one state may prohibit the business of selling automobiles on Sunday, while another may not. Would the Commissioner argue that a dealer who did business on Sunday in the first state could not deduct from his gross receipts salaries and rent paid for his unlawful activity on that day, while a dealer in the second state could make such deductions? In some areas the sale of intoxicating liquor at retail is legal, and in others it is illegal. Would a retailer's salary and rent payments be deductible or not depending entirely on the lawfulness of his business?

Cases might arise in which the charge of unlawfulness might be denied. In the absence of a criminal trial to resolve the question of the taxpayer's guilt, is that question to be tried by the Commissioner and the Tax Court in tax proceedings? Such a situation might arise from the Commissioner's argument, based on the Illinois statute's provision that an owner, who knowingly permits his property to be used for gambling, shall be subject to punishment, and the further provision that an accessory to the perpetration of a crime shall be punished as a principal. He argues that respondent, in paying rent for his leased handbook premises, is an accessory to the crime of the landlord. If this theory is tenable, someone must determine whether the landlord *knowingly* permitted the illegal use of his premises. Is this question to be determined in a proceeding to which the landlord is not a party? If so, who is to make that determination,—the Commissioner and the Tax Court? These questions are suggestive of the many surprising results which would follow the adoption of the Commissioner's theories. We cannot believe that they were intended by the congress. The clear language of sec. 23 is a bar to such excursions as the Commissioner's contentions would invite.

The Commissioner should have allowed salaries and rent as deductions under sec. 23(a). Hence the Tax Court's decision is correct and is affirmed.

We feel that it is important to call the attention of the Commissioner to the fact that in this and other cases before us his counsel repeatedly ignore rule 16(c), (d) and (e), of this court regulating the contents of briefs.

Affirmed.

FINNEGAN, Circuit Judge (dissenting).

Book-making is a statutory criminal offense in Illinois. Ill.Rev.Stat.1955, chap. 38, § 336. It is undisputed that appellee Charles V. Doyle operated "a bookmaking establishment" in that State for the tax years involved. Shortly stated the question is, can Doyle's disbursements for salaries and rents incurred in his illegal enterprise be classed "ordinary and necessary" under § 23(a) (1), Internal Revenue Code of 1939. Under the Illinois statute Doyle's

expense items are unnecessary, though perhaps ordinary. But for deductibility as business expenses in computing federal income taxes, the Congressional mandate requires both elements—ordinary and necessary. I am unable to ignore the public policy of Illinois manifested by its statute proscribing the behavior generating Doyle's items of rent and salaries. The "temerity to raise" such deductibility was long ago anticipated in another case. United States v. Sullivan, 1927, 274 U.S. 259, 264, 47 S.Ct. 607, 71 L.Ed. 1037. I would reverse the Tax Court decision and remand this case with directions to disallow the deductions claimed.