PAUL AND HEIDI DRAPER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51111.   Filed April 30, 1956.

*Charles N. Schenck, III, Esq.*, for the petitioners.
*John J. O'Toole, Esq.*, for the respondent.

## OPINION.

OPPER, *Judge:* The sole issue as the case is presented is whether petitioner's expenditure for counsel fees as plaintiff in a libel action was personal and nondeductible or business and deductible. Where the primary purpose of litigation is to vindicate the personal reputa-

tion and character of a taxpayer, the proceeds have been held not to be taxable, *C. A. Hawkins*, 6 B. T. A. 1023, and the expenses of litigation not deductible. *Robert Edward Kleinschmidt*, 12 T. C. 921. Whether punitive damages even in a personal action would now be taxable we need not consider. See *Commissioner* v. *Glenshaw Glass Co.*, 348 U. S. 426. Where, however, the cause for engaging counsel and the benefit sought is primarily the protection of petitioner's business, the expense is an ordinary and necessary business expense and hence a deductible item. *Waldo Salt*, 18 T. C. 182; *Commissioner* v. *Heininger*, 320 U. S. 467; *Kornhauser* v. *United States*, 276 U. S. 145. So stated, the issue becomes primarily one of fact. *Commissioner* v. *Heininger, supra*.

We conclude on this record that petitioner's concern was solely with his continued business success as a public performer. He sought to reestablish his reputation on the advice of his concert manager and attorneys whom he consulted. They and he were of the opinion that no other means was at hand by which to counteract the effect of the statements about him, the publication of which was apparently responsible for his loss of income. Petitioner testified that he was not motivated by personal reasons and there was no suggestion that his statements in this respect were false. On the entire record we have accordingly found as a fact that the attorneys' fees in question were ordinary and necessary business expenses of petitioner's occupation of giving dance recitals for the general public.

*Decision will be entered under Rule 50.*