**Neil SULLIVAN and Grace Sullivan, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**James ROSS and Ann Ross, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 11841, 11842.**

United States Court of Appeals Seventh Circuit.

Feb. 13, 1957.

Eugene Bernstein, E. J. Blair, Chicago, Ill., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Hilbert P. Zarky, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Petitioners seek a review [1] of that part of decisions entered by the Tax Court of the United States which determined deficiencies in their income taxes for the years 1948, 1949, and 1950, and imposed penalties therefor. The only contested issue in the cases is whether or not petitioners may deduct for income tax purposes unlawful payments of wages and rent in connection with the unlawful operation in Illinois of a book-making establishment by petitioners Neil Sullivan and James Ross.

This legal issue was presented, argued and decided by this court in Com-

---

1. These cases came from the Tax Court on a consolidated record.

missioner of Internal Revenue v. Doyle, 231 F.2d 635, where the Commissioner himself stated the question there presented to us for decision, in this language: Whether expenses for rent and wages incurred in the operation of an illegal gambling business are themselves contrary to a sharply defined and declared public policy of the state of Illinois and hence are not deductible for income tax purposes, within the meaning of sec. 23 (a), Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a). In our opinion, we accepted and decided the question as thus stated. In this case, the Commissioner states the contested issue thus: Whether a taxpayer may deduct for income tax purposes payments of rent and wages which were made in violation of criminal statutes of the state of Illinois.[2] It does not appear that the Commissioner applied to the United States Supreme Court for *certiorari* to review our decision in the Doyle case. It does appear that, before a single judge of the Tax Court who tried the case at bar, the Commissioner contended and now contends that the holding of this court in the Doyle case should not be followed. If the Commissioner feels that the decision in the Doyle case was wrong he should have, by application for *certiorari*, afforded the Supreme Court an opportunity to pass upon his contentions. Lacking such a decision by the highest court, a decision by one judge of the Tax Court, which, in effect, overrules a decision of the court of appeals in the circuit in which both cases arose, is not consonant with the responsibilities of the respective tribunals involved. To the same effect is Stacey Mfg. Co. v. Commissioner of Internal Revenue, 6 Cir., 237 F.2d 605.

Our opinion in the Doyle case neither expressly treated, nor by any possible inference can be construed as treating, the wages and rent paid by the taxpayer as "legitimate" expenses. The word "legitimate", upon which the Commissioner now relies in an attempt to distinguish the Doyle case, was used by the Tax Court in its decision in the Doyle case, but not by us. We made it clear, 231 F.2d at page 636, that sec. 23(a),[3] in setting forth what trade or business expenses are to be deducted from gross income in computing net income, makes no distinction between *lawful* and *unlawful* disbursements.

On the authority of the Doyle holding, to which we adhere, the decision of the Tax Court is reversed and the cause is remanded[4] for the sole purpose of a redetermination of the penalties, if any, assessable solely on the basis of income reported by petitioners in their returns.

Reversed and remanded.

2. In the Doyle case, the Commissioner relied on only the following statutes of the state of Illinois: §§ 139, 140, 336 and 582, chapter 38 (Criminal Code) Illinois Revised Statutes, 1945. He relies upon the same statutes in the case at bar.

3. 26 U.S.C.A. § 23(a).

4. 26 U.S.C.A. § 7482.