UNITED DRAPERIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

UNITED DRAPERIES, INC. (FORMERLY UNITED SLIP COVER AND INTERIORS CO.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 94171, 3952–62. Filed January 6, 1964.

*Julian L. Berman, Arthur S. Freeman, Leo J. Schwartz,* and *George Brode,* for the petitioner.
*Theodore W. Hirsh,* for the respondent.

---

460

OPINION

The first issue is whether the amounts paid by petitioner to Conte, Eckstein, and Bergner pursuant to its agreement to pay them a fixed percentage of its collections from their respective employers are deductible as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954.[1]

Section 162(a) provides:

SEC. 162.   TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

---

[1] Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954.

(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

The Income Tax Regulations, section 1.162–7(b)(1), provide that an amount paid in the form of compensation, but not in fact as the purchase price of services, is not deductible under this section as compensation for personal services.

Petitioner contends that its percentage payments to Conte, Eckstein, and Bergner were compensation for personal services actually rendered in the course of its trade or business and therefore are deductible under section 162(a)(1). Respondent on the other hand has determined that these payments were made in order to secure the business of the payees' employers and thus were common kickbacks within the purview of Rev. Rul. 62–194, 1962–2 C.B. 57.

We think that petitioner has failed to prove that these payments were made in return for the personal services of the recipients. The services which petitioner claims were the consideration for the payments to Conte, Eckstein, and Bergner were services which they were obligated to perform for their employers. Conte was responsible to his employer for the overall management of its operations, including designing its products and promptly paying its bills. Eckstein and Bergner held positions with their employers similar to that of Conte at Elcar, and their duties were presumably the same as were his to his employer. Although the orders received by petitioner from Elcar, M. Systems, and Kozy specified the measurements, material, and design of the draperies desired, petitioner has failed to prove that these specifications were made in return for its paying Conte, Eckstein, and Bergner a percentage of collections on the orders. Rather, it appears from Conte's testimony that the prime reason for his interest in designing the draperies for Elcar mobile homes was to improve the appearance, and thereby the marketability, of his product. Likewise, petitioner has failed to establish that any purported guaranty of prompt payment of amounts due from Elcar, M. Systems, and Kozy prior to 1959 or Conte's written guaranty executed in 1959 were related to its agreement to make the percentage payments involved. Although Conte did introduce Rosenberg to other mobile home manufacturers at mobile home shows, petitioner has not shown that this was in exchange for its payments to Conte. Thus, respondent's determination that petitioner's percentage payments to Conte, Eckstein, and Bergner were rebates paid in consideration for their giving their employers' business to petitioner is sustained.

Although not deductible under section 162(a)(1) as compensation for personal services rendered, these amounts paid by petitioner to Conte, Eckstein, and Bergner for the purpose of obtaining their employers' business may nonetheless be deductible under section 162 if

they are both ordinary and necessary business expenses. *Lilly* v. *Commissioner*, 343 U.S. 90; *Deputy* v. *du Pont*, 308 U.S. 488. Whether or not an expenditure is ordinary and necessary is a question of fact to be decided from the circumstances in each case. *Welch* v. *Helvering*, 290 U.S. 111.

To be ordinary within the meaning of section 162, expenditures must be common in the taxpayer's dealings or of frequent occurrence in the type of business in which the taxpayer is engaged. *Deputy* v. *du Pont*, *supra;* *Welch* v. *Helvering*, *supra.* Petitioner has failed to show that it normally made payments of the type in issue or that such payments were commonly made in the kind of business in which it was engaged. On the contrary, petitioner's president testified that petitioner made no payments to employees of its customers other than to Conte, Eckstein, and Bergner. Petitioner has offered no evidence of payments by drapery manufacturers to employees of their mobile home customers and the fact that Conte was paid amounts by other Elcar suppliers is insufficient to establish that the practice was common among suppliers of mobile home manufacturers. Petitioner's deduction of its percentage payments to Conte, Eckstein, and Bergner therefore must be denied because petitioner has failed to establish that these payments were ordinary expenses. *Deputy* v. *du Pont*, *supra.*

The deduction of these amounts must also be disallowed because petitioner has failed to establish that these expenses were necessary. There is no question that petitioner's arrangement with Conte, Eckstein, and Bergner was advantageous to its enterprise. Subsequent to this arrangement, petitioner developed from a small supplier of custom-made draperies for retail buyers with gross sales in 1954 of $123,239.41 to the largest supplier of draperies to the mobile home industry with gross sales in 1960 of $437,761.93. Assuming that petitioner would not have received the business of Elcar, M. Systems, and Kozy had it not agreed to pay Conte, Eckstein, and Bergner a percentage of its collections from their respective employers, these payments were necessary in the sense that they were helpful in establishing petitioner's business. *Welch* v. *Helvering*, *supra;* *Lilly* v. *Commissioner*, *supra.* The record is not sufficient, however, to find as a fact that petitioner would not have received the business of Elcar, M. Systems, and Kozy but for such payments. Petitioner's work was apparently satisfactory and there is no evidence Elcar, M. Systems, and Kozy considered making their purchases elsewhere.

Moreover, a finding of necessity cannot be made if the allowance of the deduction would frustrate sharply defined national or State policy evidenced by some governmental declaration. *Tank Truck Rentals* v. *Commissioner*, 356 U.S. 30, 33. See also, *Lilly* v. *Commissioner*, *supra;* *Commissioner* v. *Heininger*, 320 U.S. 467. A statute in the jurisdiction involved, *Tank Truck Rentals* v. *Commissioner*, *supra;* *Hoover*

*Express Co.* v. *United States*, 356 U.S. 38, and a Treasury regulation having the force of law, *Cammarano* v. *United States*, 358 U.S. 498, have been held to evidence sharply defined public policy.

In the instant case, respondent, citing Rev. Rul. 62–194, 1962–2 C.B. 57, relies upon a long-standing policy of the Federal Trade Commission developed in the implementation of section 45, 15 U.S.C., prohibiting unfair competition. Although Rev. Rul. 62–194 was published subsequent to the taxable years involved, Federal Trade Commission regulations effective during these years provide:

> Section 3.310 *To influence employers.* Secretly giving or offering to give to employees of customers or prospective customers, without knowledge or consent of their employers, as inducement to purchase products of respondent, money or anything of value, is prohibited. [16 C.F.R. sec. 3.310 (1949 ed.).]

Petitioner has failed to establish that Conte, Eckstein, and Bergner's employers knew of petitioner's practice of paying rebates to their employees. The only evidence offered by petitioner of the knowledge and consent of the payees' employers is Rosenberg's testimony referring to a statement of MacDonald that he would be better off "to let the other boys make $5 or $10 on a trailer" than to have trouble with a fourth Mid-States subsidiary manufacturing its own draperies. MacDonald was not called as a witness and this evidence, if otherwise competent, is insufficient to establish the extent of his knowledge or consent. Thus, the rebates paid by petitioner were payments proscribed by the Federal Trade Commission regulation. And allowance of the deduction of the amounts of these payments would frustrate the policy pronounced in this regulation, since deductibility of such payments would provide an inducement to violate the Federal Trade Commission's prohibition against this type of unfair competition.

Deduction of the payments to Bergner which were mailed to his office in Michigan would frustrate also the policy of that State declared in section 28.320, Mich. Stat. Ann.,[2] which declares unlawful the giving of any commission, gift, or gratuity to an employee of another with intent to influence the action of such employee in relation to his employer's business.

The second issue is whether the rebates paid to Conte, Eckstein, and Bergner are includable in petitioner's gross income under section 61(a).

---

[2] Sec. 28.320 Bribery of agents, servants, and deception of their prinicpals; evidence; immunity.] Sec. 125. It shall be unlawful for any person to give, offer or promise to an agent, employe or servant of another or any other person, any commission, gift or gratuity whatever, or to do an act beneficial to such agent, employe or servant or another with intent to influence the action of such agent, employe or servant in relation to his principal's, employer's or master's business; or for an agent, employe or servant to request or accept for himself or another any commission, gift or gratuity or promise to make any commission, gift, or gratuity to himself or another or the doing of an act beneficial to himself or another, according to any agreement or understanding between him and any other person to the effect that he shall act in any particular manner in relation to his principal's, employer's or master's business. * * *

Rebates paid pursuant to a preexisting arrangement with the purchaser have been held to be excludable from gross income under the theory that only the actual consideration paid for the purchase is income. *Pittsburgh Milk Co.*, 26 T.C. 707. In the instant case, petitioner's agreement to pay rebates was made with employees of its customers and was independent of its agreement with its purchasers fixing the selling price of the products sold. The fact that the amounts it agreed to pay these employees was measured by a fixed percentage of its collections from their employers is immaterial. These amounts were paid for a consideration separate from the selling price of its products, namely these employees sending the business of their employers to petitioner, and the amounts received from these employers in consideration for its products sold is properly includable in petitioner's gross income.

The third issue is whether the amounts petitioner paid to cause certain items of personal property to be transferred to Conte, Eckstein, and Bergner, plus $1,150 in cash transferred to Conte and Eckstein, are deductible as ordinary and necessary business expenses under section 162.

The only evidence offered by petitioner in regard to these payments are statements by Rosenberg and Conte that these payments were made and Conte's testimony that they were made in consideration of what he had done for petitioner. This evidence is insufficient to establish that these expenditures were either ordinary or necessary. Respondent's determination that these amounts are not deductible under section 162 therefore is sustained.

Because petitioner claimed as sales promotion expense and respondent disallowed certain expenditures in years other than those in which the payments were actually made,

*Decisions will be entered under Rule 50.*