**UNITED DRAPERIES, INC.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**
**Nos. 14630, 14631.**

United States Court of Appeals
Seventh Circuit.

Dec. 29, 1964.

Renearing Denied Feb. 9, 1965,
en Banc.

Harold R. Burnstein, John W. Hughes, George Brode, Chicago, Ill., for petitioner.

Louis F. Oberdorfer, Lee A. Jackson, Meyer Rothwacks, Frederick E. Youngman, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

These petitions for review of Tax Court decisions concern income tax deficiencies determined against petitioner as the result of the disallowance of certain deductions claimed for the taxable years involved[1] as commission expenses and sales promotion expenses paid and incurred by the petitioner in carrying on its business. The claimed commission expenses disallowed total $138,423.61, and the claimed sales promotion expenses disallowed total $21,432.55.

During the years in issue (1957–1960), petitioner was engaged primarily in the manufacture and sale of draperies to manufacturers of mobile homes. Prior to 1953, petitioner had manufactured custom-made draperies and slip-covers for retail consumers. At that time venetian blinds were the principal covering used for windows in mobile homes. Petitioner secured an order for draperies for such purpose in 1953 from Mid-States

---

1. No. 14630 concerns the deficiencies determined for the taxpayer's fiscal years ended March 31, 1957; March 31, 1958 and March 31, 1959. No. 14631 concerns the deficiencies determined for the taxable period April 1, 1959 to December 31, 1959, and for the taxable year ended December 31, 1960.

Corporation. It paid ten percent of the amount collected on the order to Dominic Conte and Donald Bergner. Conte was then assistant purchasing manager for Mid-States and Bergner was an employee of Mid-States.

Mid-States was engaged in the manufacture of mobile homes through controlled subsidiary corporations including Elcar Mobile Homes, Inc., M. Systems, Inc.; and Kozy Coach Company. During the years in issue Conte was vice-president and general manager of Elcar. Henry Eckstein and Donald Bergner occupied such office and position with M. Systems and Kozy Coach, respectively. Petitioner supplied draperies to these companies and pursuant to a side agreement with Conte paid Conte ten percent (increased to thirteen percent for the latter portion of the period) of all collections from sales by petitioner to Elcar and five percent of all collections from sales to Kozy Coach and M. Systems. Under the agreement it paid Bergner five percent of all collections from Kozy Coach, and Eckstein five percent of all collections from M. Systems. The disallowed $138,423.61 represents such payments.

The disallowed $21,432.55 represents gifts of cash, suits, furniture and automobiles petitioner made to the three vice presidents-general managers of the above customer corporations.

The Tax Court found and concluded [2] that the expenditures involved were not ordinary and necessary business expenses of the petitioner nor excludable from its gross income.

The contested issues presented for our determination by the contentions advanced in this Court [3] are whether the Tax Court applied correct legal criteria (1) in concluding that the payments of money and gifts of property disallowed as deductions did not constitute "ordinary and necessary" business expenses deductible

from gross income under Section 162(a) of the Internal Revenue Code of 1954,[4] and (2) in concluding that the payments were not excludable from gross income.

The Tax Court characterized the payments as "amounts paid by petitioner to Conte, Eckstein, and Bergner for the purpose of obtaining their employers' business". It found that the arrangement was advantageous to the petitioner's enterprise, observing that subsequent thereto the petitioner developed from a small supplier of custom-made draperies for retail buyers to the largest supplier of draperies to the mobile home industry. But it concluded that the petitioner failed to establish that the payments and gifts were "ordinary" and "necessary" business expenses within the sense of those terms as employed in Section 162(a).

Apart from the question of whether the record fails to establish that the expenditures involved were necessary to obtain or retain the business of the three customers involved we are of the opinion that the Tax Court did not err in concluding that the gifts and "kick-backs" were not ordinary business expenses within the rationale of Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 and Deputy v. du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416. Lilly v. Commissioner, 343 U.S. 90, 72 S.Ct. 497, 96 L.Ed. 769, one of the cases relied upon by the petitioner, is not apposite here. The record in Lilly revealed a widespread practice in the optical industry of making payments of the character there involved. In the instant case the practice was confined to the three subsidiaries of Mid-States. There is nothing to show that the practice was a normal incident to the drapery manufacturing industry or to suppliers of mobile home manufacturers generally. No such expenditures were made in connection with the nine other mobile home manufacturer customers of the petitioner—and they ac-

2. 41 T.C. 457.

3. In the Tax Court petitioner contended that the percentage payments represented compensation in return for personal services rendered to it by the recipients.

The Tax Court's finding and conclusion to the contrary is not assailed on review. Moreover, we perceive no error in this connection.

4. 26 U.S.C.A. § 162(a).

938

counted for approximately fifty percent of the petitioner's business.

■ ■ Petitioner urges, in effect, that payments made to obtain business if of a nature helpful and appropriate to that end are as a class always ordinary and necessary business expenses. But the end for which an expenditure is made and its utility in achieving the result are not the factors which test its ordinariness. As a matter of common knowledge we are convinced that the mores of the market place of this nation is not such that "kick-backs" by vendor-suppliers to the officers or employees of customers, while they do occur, are an ordinary means of securing or promoting business. And the record reveals nothing inherent in the nature of petitioner's drapery enterprise which serves to endow such payments with a character of ordinariness they would not otherwise possess. In reaching this conclusion we do so apart from consideration of the morality or legality of the practice. Cf. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 474, 64 S.Ct. 249, 88 L.Ed. 171; Sullivan v. Commissioner, 7 Cir., 241 F.2d 46; Commissioner of Internal Revenue v. Doyle, 7 Cir., 231 F.2d 635. We merely point out that we agree with the Tax Court that it requires more of a showing than was made by the petitioner to establish that such a practice constitutes an "ordinary" business expense in the circumstances here presented.

We perceive no merit to the petitioner's contention that the Tax Court erred in concluding the expenditures were not excludable from gross income. The payments and gifts were not rebates to the customer which in effect reduced the purchase price received by the petitioner. Nor were the recipients merely conduits through whose hands the money passed— they received the payments as their own —pursuant to the petitioner's agreements with Conte. And the payments received by the petitioner from the purchasing corporations were not received without a claim of right to the entire amount as was the case in Lashells' Estate v. Commissioner, 6 Cir., 208 F.2d 430.

The decisions of the Tax Court are affirmed.

Affirmed.

KNOCH, Circuit Judge (dissenting).

The immorality and the unethical character of the procedure followed by the taxpayer with such success is appreciated. However, in the light of the statement of the Commissioner, that:

"[I]n this case, the taxpayer, by the payment of kickbacks to employees, entered a special market, gained a substantial volume of sales, and became the country's largest manufacturer of draperies for mobile homes."

and the opinion of the Tax Court that these amounts were:

" * * * paid by petitioner [taxpayer] to Conte, Eckstein and Bergner for the purpose of obtaining their employers' business * * *"

and, further, that:

"There is no question that petitioner's arrangement with Conte, Eckstein, and Bergner was advantageous to its enterprise. Subsequent to this arrangement, petitioner developed from a small supplier of custommade draperies for retail buyers with gross sales in 1954 of $123,239.41 to the largest supplier of draperies to the mobile home industry with gross sales in 1960 of $437,761.93."

it is my view that these payments were ordinary and necessary expenses incurred in the taxpayer's business within the meaning of the applicable regulations.

I believe that the methods used by the taxpayer in the instant case should be prohibited, but that this beneficent result should be attained by Congressional action and not by court edict.