OPINION. Black, Judge: As has already been stated, the Commissioner has disallowed $10,053.77 of the $11,558.52 which petitioners deducted as business expenses on their joint income tax return filed for the year 1957. With respect to the $10,053.77 which he has disallowed the Commissioner stated in his deficiency notice as follows: It is held that the amount of $10,053.77 was disbursed by you for a fight and/or crusade by you and your daughter, Nancy Corinne Dyer, over proxies of Union Electric Company, and are, therefore, not ordinary and necessary expenses in carrying on a trade or business. Moreover, such disbursements are not ordinary and necessary expenses for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. * * * In contesting the determination of the Commissioner, petitioners rely upon sections 162 and 212,1.R.C. 1954.[1] It seems manifest to ns that not all of the $10,053.77 disallowed by the Commissioner can be properly characterized as having been disbursed by petitioner in a “fight and/or crusade by you and your daughter, Nancy Corinne Dyer, over proxies of Union Electric Company.” We think it would be well to determine at the outset just how much of the expenditures in question should be included as expenditures made in the proxy contest with Union. Petitioner contends that none of such expenditures can properly be so characterized. He lays stress on the fact that he and his minor daughter were not seeking proxies for themselves but were merely opposing the signing of proxies by stockholders of Union, granting their proxies to the management of Union. So far as we have been able to ascertain from the record that statement is correct. But at the same time it seems plain that petitioner was doing what he could to prevent the granting of proxies to Union’s management. That may have been Iris right and privilege but in so doing it seems to us that he was engaging in a proxy “fight and/or crusade” as the Commissioner has termed it in his deficiency notice, and the question is whether in so doing the expenditures which he incurred and paid are deductible under either of the sections of the 1954 Code upon which petitioner relies. Petitioner’s business was that of a practicing lawyer. He was an investor to some extent in stocks but there is no evidence that his business was that of trading in stocks — he was merely an investor. It seems clear to us that his expenses incurred in the proxy contest with Union were not ordinary and necessary expenses incurred and paid in his business as a lawyer. Therefore, we think that such expenditures are not deductible under section 162. Would they be deductible under section 212? We think that question must be answered in the negative on the facts in this case. Section 212 provides that— In tlie case of an individual, there shall he allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year— (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * * It seems clear to us that the expenditures in question would not come within the language “for the production or collection of income” as provided in (1) above. Do the expenditures fall within the provisions of (2) above? Petitioner purchased 250 shares of Union in January 1957 possibly for the purpose of his “proxy fight.” The shares, of course, had value and paid dividends. Under these circumstances do these expenditures by petitioner in this proxy contest qualify as having been expended “for the management, conservation, or maintenance of property held for the production of income” ? In Revenue Ruling 56-511, 1956-2 C.B. 1Y0, it was ruled that “transportation and incidental expenses” by a stockholder in attending meetings of companies in which he owns stock are nondeductible personal expenses. “The taxpayer, by reason of Ins investment activities, is not deemed to be carrying on a trade or business” and “the expenses of attending the stockholders’ meetings are not considered to be sufficiently related to the taxpayer’s investment activities tc warrant their deduction * * * as expenses incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.” As we have already said, the expenses which we are now considering were not ordinary and necessary expenses of petitioner’s business as a practicing lawyer. Neither do we think that they were sufficiently related to petitioner’s investment activities as a stockholder of Union to warrant their deduction as expenditures incurred and paid for “the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.” We hold, therefore, that such expenditures were personal in nature and therefore not deductible either under section 162 or 212. The expenditures upon which we are now ruling are described in paragraphs 6, 8,11,15,1Y, 20, 22, 23, and 24 of our Findings of Fact. The facts with reference to the expenditures in the libel suit are given in paragraph 25 of our Findings of Fact. The expenditures in 195Y for this libel suit by petitioner were $134.60. Petitioner claims this amount as a deduction under section 162. Petitioner testified with reference to his libel suit, among other things, as follows: This suit which has been heretofore referred to as having been filed in the United States District Court against the Union Electric Company and the Globe-Democrat Publishing Company alleged the concerted action of the defendants in causing the publication of that editorial, and sought an injunction against further libels. The hearing was held April 15, 1957, and the petition was dismissed that day under the case of Near versus Minnesota, decided in 1931 by the United States Supreme Court in a five to four decision, as reported in 283 U.S. 697, on the ground that the plaintiff had an adequate remedy at law. Appeal to the United States Court of Appeals, Eighth Circuit, was taken but was not perfected. Instead, Mr. Dyer filed suit in the St. Louis Circuit Court against the Globe-Democrat Publishing Company and Richard H. Amberg, its publisher, seeking $100,000 compensatory damages and $100,000 punitive damages. * * * We think the $134.60 expenditures in this libel suit is deductible. See Paul Draper, 26 T.C. 201 (1956). The substance of petitioner’s testimony as to this libel suit was that the purpose of it was to protect his reputation as a lawyer. The news article published by the Globe-Democrat and its editorial based thereon are in the record, but we do not deem it necessary to incorporate them in our Findings of Fact. It is not our function to decide whether or not the publications complained of were libelous or not. It is sufficient to say that petitioner claimed that they were libelous and there is nothing in the record which would justify us in questioning his good faith in making that claim. On authority of the Draper case, we hold that the $134.60 which petitioner incurred and paid in the libel suit was a business expense and is deductible under section 162. Our findings of fact with reference to the claimed deduction of the expenditures in connection with petitioner’s testimony before the Joint Congressional Committee on Atomic Energy are embodied in paragraph 12 of our Findings of Fact. Petitioner’s appearance before this Joint Committee had no connection with his proxy contest with Union; that much seems certain. Also, it seems clear to us that these expenditures would not be deductible to petitioner as an ordinary and necessary business expense under section 162. Petitioner’s business was that of a lawyer and his testimony before the congressional Joint Committee had nothing to do with his practice as a lawyer. Nor do we think it was deductible under section 212. Petitioner’s testimony before the Joint Committee plainly was not for the production or collection of income nor was it for the management, conservation, or maintenance of property held for the production of income. As a matter of fact, petitioner seems to concede that his expenditures incurred and paid in connection with his appearance as a witness before the Joint Committee were not deductible expenses either under section 162 or 212. In arguing for the deductibility of these expenses, petitioner says in his brief, as follows: The testimony given was given in the Joint Committee’s See. 202 Statutory Hearings. See cover and face page of Ex. 5. Sec. 202 of the Atomic Energy Act of 1954 requires the Joint Committee, during the first 60 days of each session of the Congress, to conduct hearings “for the purpose of receiving information concerning the development, growth and state of the atomic energy industry.” If the expenses of witnesses who are called upon to testify in those statutory hearings are declared nondeductible income tax wise, the Joint Committee will be greatly handicapped in securing the voluntary attendance of witnesses. It will have to subpoena them, thus incurring additional expense. Subpoena expenses for See. 202 hearings are not contemplated in the Joint Committee’s budget. Petitioner volunteered to testify before the committee — he was not subpoenaed by the committee. While his voluntary appearance before the committee to testify may have been altogether commendable on his part, we have been cited to no statute which would allow the deduction claimed by petitioner and we know of none. We sustain the Commissioner in his disallowance of these expenditures. Decision will be entered under Bule 50. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. — There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, Including— ******* (2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * • * SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction aU the ordinary and necessary expenses paid or incurred during the taxable year— (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * *