# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 99-6011 MN

In re: Michael R. Behr              *
                                    *
            Debtor.                 *
                                    *
Michael R. Behr,                    *     APPEAL FROM THE UNITED
                                    *     STATES BANKRUPTCY
            Appellant,              *     COURT FOR THE
                                    *     DISTRICT OF MINNESOTA
      v.                            *
                                    *
Commissioner of Internal Revenue    *
                                    *
            Appellee.               *

Submitted: June 21, 1999
Filed: August 30, 1999

Before KOGER, SCHERMER and SCOTT, Bankruptcy Judges.

SCOTT, Bankruptcy Judge

## I.

In mid-1983 debtor left his position as a professor of economics to embark upon a career as a self-employed forensic economist. From that time, his employment consisted of evaluating claims for money damages and testifying as an expert witness for plaintiffs in litigation. In the early 1990's debtor commenced several lawsuits against various entities

alleging various causes of action.[1]  In the taxable years 1991, 1992 and 1993, the debtor claimed a deduction under Internal Revenue Code Section 162(a), asserting that the legal fees incurred

---

[1]Although debtor characterizes the four lawsuits in issue as defamation suits, only one of them may be characterized as such.

[2]The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[3]The Bankruptcy Appellate Panel is not the first appellate court to affirm a grant of summary judgment against the debtor.  See Behr v. Nat'l Bank of Commerce, 929 F.2d 703, 1991 WL 46392 (7th Cir. Apr. 4, 1991)(affirming an award of Rule 11 sanctions in the amount of $53,141 after summary judgment); Behr v. Douglas County, 200 Wis. 2d 493, 546 N.W.2d 887, 1996 WL 59889 (Wis. Ct. App. Feb. 13, 1996); Behr v. Knudson, 193 Wis. 2d 641, 537 N.W.2d 434, 1995 WL 239609 (Wis. Ct. App. Apr. 25, 1995); Behr v. M&I First Nat'l Bank of Superior, 171 Wis. 2d 347, 493 N.W.2d 270, 1992 WL 353531 (Wis. Ct. App. Sept. 9, 1992).

## II.

Under the Internal Revenue Code, there is "allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). In determining the availability of this deduction, the expense must be one that has a "business origin," and, with regard to litigation expenses, the deductibility of litigation costs must "arise in connection with the taxpayer's profit-seeking activities." United States v. Gilmore, 372 U.S. 39, 48 (1963).[4] The allowability of the deduction does not turn on any adverse consequences that may inure to the taxpayer's business, but must arise from the activities of carrying on the trade or business. The basic controlling test is the origin and character of the claim with respect to which the litigation expense is incurred, not the potential or actual consequences upon the fortunes of the taxpayer or its business. See id. at 49. In making the determination as to the allowability of litigation expenses as a deduction, the court looks to the nature of the issues involved, the nature and objectives of the litigation, including any ulterior motives, and the purposes for which the deductions were expended. Rafter v. Commissioner, 60 T.C. 1, 8 (1973), aff'd, 489 F.2d 752 (2d Cir. 1974), cert. denied, 419 U.S. 826 (1974). The ultimate success or failure of the litigation is not important. Ditmars v. Commissioner, 302 F.2d 481 (2d Cir. 1962).

## III.

In this case, the United States submitted a motion for summary judgment pursuant to Fed. R. Civ. P. 56, appending as evidence the debtor's responses to Interrogatories, the complaints filed in the lawsuits for which the litigation expenses were claimed as deductions, as well as the decisions of the courts presiding over those suits. The debtor's response to the motion for summary judgment appends virtually the same exhibits and includes an affidavit of the debtor in which he explains that one of the lawsuits, an action against Douglas County relating to an arrest, grew out of a child support disagreement. A review of this evidence demonstrates that the bankruptcy court committed no error in granting summary judgment with regard to three of the lawsuits. The court concludes, however, that the summary

---

[4]There does not appear to be any dispute that the debtor is in a particular trade or business sufficient to support the deductions. Rather, the issue is whether these particular expenses arise out of the business he is conducting.

3

judgment as to one of the lawsuits was not warranted. Chronologically, the lawsuits are as follows.

Behr v. M&I First National Bank of Superior was commenced to assuage debtor's distress when the bank closed the debtor's personal bank account in January 1984 because of debtor's practice of writing checks when he had insufficient funds in his account to pay those checks. The pro se complaint sounds in, among other causes, breach of contract, negligence, conspiracy, fraud and tortious interference with present or future business contractual relationships. While both the complaint filed in the state court and arguments before the bankruptcy court assert that the bank's actions damaged the debtor's business, the damage, taking this assertion as true, was merely a consequence of the bank's action, but did not arise out of the conduct of his business. See Ditmars v. Commissioner, 302 F.2d 481 (2d Cir. 1962). The lawsuit is one for alleged mishandling of a bank account which was opened in 1969 and has no relation to the operation of his business.[5] Indeed, during the vast majority of the period in issue, the debtor was employed as a professor and a farmer, and was only self-employed part time. The fact that there were, or debtor believed that there would be, adverse consequences to what was then debtor's part time business, does not make the litigation expenses deductible. See United States v. Gilmore, 372 U.S. 39, 48 (1963). As a matter of law, potential or actual consequences to the debtor's business do not make the expense one that arises out of the business.

Although a reading of the complaint in Behr v. Douglas County does not provide any insight into the basis for the lawsuit, debtor's affidavit in response to the motion for summary judgment makes it clear that nothing in the lawsuit arises out of his business or profit making activities. Behr was arrested, incarcerated and held in contempt for failure to timely pay his child support obligations. In response to the County's actions, Behr filed a lawsuit under 42 U.S.C. § 1983. We can discern no basis for asserting that this lawsuit relates to his trade or business to permit a deduction for the litigation. The mere fact that debtor lost business

---

[5]In any event, the account was not used solely for the debtor's business such that the deduction is not allowable. See Sparkman v. Commissioner, 112 F.2d 774 (9th Cir. 1940)(expense for artificial teeth that were necessary for radio performer's business, but were not used for business purposes only, was a personal expense).

4

income due to his incarceration or the contempt litigation does not permit a business deduction for the litigation expenses.

Behr v. National Bank of Commerce stated causes of action against another bank. In this suit, the debtor sought damages because the bank, after years of enduring debtor's nonpayment of debt and granting extensions and renewals of loans, refused to again renew a loan and then sought to collect the debt. The controversy in the case arose out of debtor's dissatisfaction with how the bank and one of its officers handled his loans. The sole connection to the debtor's business was that the loans were secured by the accounts receivable of his business as a forensic economist. There is no relation between the conduct of the business and the litigation itself. The loans were initially extended to the debtor while he was still a professor and farmer, and before he began full time self-employment. Accordingly, the bankruptcy court properly determined that, as a matter of law, there was no merit to debtor's contention that he was entitled to a business deduction relating to this litigation. Like the litigation of Behr v. M&I First National Bank of Superior, the connection to the business is that the debtor believes that the bank's actions adversely affected his business. However, the causes of action themselves do not relate to the conduct of the business.

Behr v. Knudson, is the only lawsuit which asserts a cause of action for "defamation." Debtor sued an attorney for gathering information about debtor to use for impeachment purposes. Debtor was identified as an expert witness in a lawsuit and the attorney sought information to impeach debtor's credibility as an expert witness, including the information that debtor was the subject of criminal convictions or charges and had been fired from the university where he had been employed. Summary judgment was granted against the debtor and the lawsuit dismissed.

This is the only lawsuit which conceivably could have arisen out of the debtor's business. The ultimate issue with regard to this action was whether the lawsuit arose out of his business or whether it was merely in vindication of a personal injury. If the injury is personal, the deduction is improper. See Lloyd v. Commissioner, 55 F.2d 842 (7th Cir. 1932)(president of paper company's lawsuit for false statements concerning his reliability and sobriety was personal in nature, and only incidental to the protection of his business

5

operated as a separate entity, despite the fact that the statements were made at a business convention). If, however, the suit arises out of the debtor's business, the deduction is proper. See Draper v. Commissioner, 26 T.C. 201 (1956)(expenses incurred in professional dancer's lawsuit regarding statements that he interrupted his performances to give pro-communist statements allowable); see also